### DARIUS COOMBS & others, petitioners.

Barnstable.   Jan. 21. — July 24, 1879.   AMES & SOULE, JJ., absent.

The St. of 1870, c. 293, § 6, providing that any justice of the Superior Court, upon the application of the selectmen of the town of Mashpee, after hearing all parties interested, may appoint commissioners to make partition of "any or all of the common lands of said town, or of the people heretofore known as the Marshpee tribe of Indians," and that he may direct that the same or any part thereof be sold, and the proceeds paid over to the treasurer of the town, is constitutional; and if, upon a petition presented by the selectmen, a sale of a portion of the common lands has been ordered by the court, the selectmen may, while the first petition is still pending, file a second petition for the sale of the lands not included in the order.

PETITION to the Superior Court, dated March 11, 1878, by the selectmen of the town of Mashpee, under the St. of 1870, c. 293, § 6, for an order to sell certain hay and meadow lands of that town, or of the people theretofore known as the Marshpee tribe of Indians. Hearing before *Wilkinson*, J., who ruled that the petition could not be maintained; and reported the case for the determination of this court, in substance as follows:

On October 11, 1870, a petition was presented to the Superior Court, by the selectmen of the town of Mashpee, representing "that there are in said town certain lands, amounting as nearly as can be ascertained to 3150 acres, which are the common lands of said town of Mashpee, and of the people heretofore known as the Marshpee tribe of Indians ; that it is for the interest of all parties concerned and interested in said lands that the same be divided among the parties entitled thereto ; and that the same be sold in accordance with the provisions of law ; " and praying the court to appoint three disinterested persons as commissioners to make partition of said lands, or to sell the same, as the court should determine, and also that the commissioners be authorized and directed to perform all such other acts as they might do under the provisions of the St. of 1870, c. 293. Upon that petition *Brigham*, C. J., appointed three commissioners, ordering them to sell all the common lands of the town, except such as the commissioners should determine to be meadow and hay lands, " with full powers to do all the matters and things contemplated by said act to be done by such commissioners." On April 2, 1878, the commissioners presented their report to the court, stating that " all the common lands of Mashpee, excepting meadow and hay lands, covering an area of 2536¾ acres, were surveyed and divided into 187 lots or parcels, and sold by public auction, after due notice, the aggregate of such sales amounting to $7052.76," which report was duly approved and confirmed by the court.

*T. H. Tyndale*, for the petitioners.

*J. M. Day*, for the respondents.

ENDICOTT, J. By the St. of 1869, c. 463, all Indians within the Commonwealth were declared to be citizens, entitled to the rights and subject to the duties of other citizens of the Commonwealth. Previously to that statute, they were the wards of the Commonwealth, and the title to the lands occupied by the several tribes was in the Commonwealth, and its use and improvement were regulated from time to time by the Legislature. *Danzell* v. *Webquish*, 108 Mass. 133, 134. See also St. 1862, c. 184.

In thus enfranchising the Indians and conferring on them the rights of citizens, it was not the intention of the Legislature to

give at once to the several tribes, or to the individual Indians composing those tribes, the absolute and unqualified control of common lands occupied by them. The St. of 1869, c. 463, provides that any land, known as Indian land, held by any Indian in severalty, or which has been set off to any Indian, shall be the property of him and his heirs in fee simple. But where such land is held and occupied in common by any Indian tribe, " except in the case of the Indians of Marshpee and Gay Head," the judge of probate, in the county where such lands lie, may appoint commissioners to make partition of any or all of the lands to be divided, or he may direct that the whole or a part of the same may be sold and the proceeds divided among the parties rightfully entitled, in proportion to their respective interests. Not only does the statute provide for the division or sale of common lands, but also for the collection of all funds and the sale of all property held in trust for any tribe of Indians, and the division of the same among them. §§ 2, 3. The guardianship of the State was thus to be exercised over all Indians, included within the terms of the act, after they were declared to be citizens; and provision was made for the final distribution among them of property thus held in common.

In pursuance of the policy established by the St. of 1869, the district of Marshpee was incorporated as a town by the name of Mashpee, and all common lands and other rights, belonging to the district, were transferred to the new town to be held as property and rights are held by other towns. St. 1870, c. 293, §§ 1, 2. By this act, the division of common lands in Mashpee is not to be made in the Probate Court, as provided in the Sts. of 1869, c. 463, and 1870, c. 213, incorporating the town of Gay Head, but upon application by the selectmen to any justice of the Superior Court, who, after hearing all parties interested, may appoint commissioners to make partition of " any or all of the common lands of said town, or of the people heretofore known as the Marshpee tribe of Indians;" or he may direct that the same or any part be sold, and the proceeds paid over to the treasurer of the town. § 6. Although this section does not in terms state among whom these lands are to be divided, yet it is clear that the division is to be made among the Indians inhabiting the territory, whose rights are more clearly defined and

enumerated in previous statutes, relating to the district of Marshpee. Sts. 1834, c. 166; 1842, c. 72; 1862, c. 184. And if any uncertainty exists in regard to the disposition of the proceeds of the sale of lands to be paid by the commissioners into the hands of the treasurer of the town, it is removed by the St. of 1878, c. 248, which provides that such proceeds shall be divided among the persons entitled to the lands prior to the sale, in proportion to their several interests therein.

There is no constitutional objection to any of these provisions. The tenure by which these lands were held was peculiar. In bestowing the privileges of citizenship upon these wards of the Commonwealth, and giving a title in fee simple to all lands held by them in severalty under existing provisions of law, it was not only a proper but a wise exercise of power for the Legislature to frame provisions by which common lands belonging to the town or the tribe, and the proceeds of the sale of such lands, should be divided.

The Legislature could impose any reasonable qualifications or restrictions upon the privileges and powers conferred by the statute, either upon the town or upon the people known as the Marshpee tribe of Indians.

Nor can we hold that the proceedings instituted in 1870, by the selectmen of Mashpee, which were pending in the Superior Court when this petition was filed, have judicially determined all questions which the selectmen of Mashpee can bring to the attention of a justice of the Superior Court. In that case, commissioners were appointed to divide, and did divide, all the common lands in Mashpee except meadow and hay lands. The justice of the Superior Court to whom an application is made, may determine whether it is for the interest of all parties to sell or divide all or any part of the common lands. He may thus designate a part only to be sold, as was done in that case by the Chief Justice of the Superior Court; and we may fairly infer from his decision that, at that time, it was for the interest of the parties that the meadow and hay lands should not then be sold. But circumstances may change; the statute does not in terms restrict the selectmen to one application; and, as a large discretion is lodged in the justice to whom application is made, we are of opinion that it was the intention of the statute to provide a

tribunal by which partition or sale of common lands could from time to time be directed; and that the power of the tribunal is exhausted only when all the common lands have been divided or sold.

We can have no question, therefore, of the right of the select men to apply now for a division of the meadow and hay lands, or of the power of a justice of the Superior Court to entertain such an application.

The objection that this petition does not ask for a partition, as well as for a sale, is no reason for dismissing it, as an amendment may be made if necessary.  The entry must therefore be that the petition                              *Stand for trial.*